◼ CLEOTILDE DIAZ, Appellant, v AUDI OF AMERICA, INC., et al., Respondents. [796 NYS2d 419]—

In an action, inter alia, to recover damages for breach of warranty and violation of General Business Law § 198-b, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Barone, J.), entered July 1, 2003, which denied

her motion to compel disclosure, and (2) an order of the same court entered December 18, 2003, which granted the defendants' motion for summary judgment dismissing the complaint and, in effect, denied her cross motion for leave to renew her prior motion to compel disclosure.

Ordered that the order entered July 1, 2003, is affirmed, without costs or disbursements; and it is further,

Ordered that the ordered entered December 18, 2003, is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment dismissing the complaint and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements, and the complaint is reinstated.

In October 2000 the plaintiff purchased a used Audi automobile from the defendant Mohegan Lake Motors, Inc. (hereinafter Mohegan). In June 2002 she commenced this action against Mohegan and the defendant Audi of America, Inc. (hereinafter Audi), inter alia, to recover damages for breach of warranty and violation of General Business Law § 198-b (hereinafter the Lemon Law). The plaintiff alleged various defects in the vehicle which substantially impaired its value, including one involving the steering, were never remedied despite six attempts at repair by Mohegan and a seventh by another dealer. In addition, the plaintiff alleged that Mohegan refused to accept the return of the vehicle and to refund the purchase price.

In November 2002 the plaintiff used the vehicle as a "trade in" at a Mercedes dealership in Connecticut. At the time, the parties were in an ongoing dispute as to where the plaintiff would be required to produce the vehicle for further inspection. The plaintiff, then living over 40 miles from the dealership, asserted, inter alia, that problems with the steering on the vehicle prevented her from safely returning the vehicle to Mohegan in New York. Consequently, the defendants moved for summary judgment dismissing the complaint. The defendants argued that the loss of the vehicle precluded any remedy under the Lemon Law and deprived them of an opportunity to establish a defense to the plaintiff's remaining causes of action. The plaintiff sought to compel certain disclosure. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint and denied further disclosure. We modify.

In relevant part, the Lemon Law provides that where a dealer or its agent fails within a reasonable time to correct a malfunction or defect, as required by the warranty provided for in the Lemon Law, which substantially impairs the value of a used motor vehicle, the dealer must accept the return of the vehicle and

refund the full purchase price, adjusted appropriately (*see* General Business Law § 198-b [b] [4]). Here, this remedy cannot be expressly accomplished now that the vehicle is no longer in the plaintiff's possession. However, the plaintiff presented evidence that she tendered the vehicle to Mohegan pursuant to the Lemon Law and that the tender was refused. Consequently, there are questions of fact as to whether the plaintiff is entitled to some remedy under the Lemon Law.

Similarly, in light of, inter alia, the repair history of the vehicle with Mohegan and other information available to the defendants concerning the vehicle, there are questions of fact as to whether the loss of the vehicle will deprive them of an opportunity to establish a defense to the plaintiff's complaint (*see Marro v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 294 AD2d 341 [2002]; *Roman v North Shore Orthopedic Assn.*, 271 AD2d 669 [2000]). Thus, the defendants should not have been granted summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Ritter, Rivera and Spolzino, JJ., concur.