OPINION OF THE COURT
Memorandum.
On the court’s own motion, the notices of appeal from the amended order entered May 16, 2006, are deemed applications for leave to appeal, and leave to appeal is granted (see CCA 1702 M).
Amended order, insofar as appealed from by plaintiff, reversed without costs, the provision determining that plaintiffs entitlement to relief as against defendant DaimlerChrysler Corp. is limited solely to his reasonable attorney’s fees stricken, and matter remanded to the court below for the entry of judgment against defendant DaimlerChrysler Corp. following an assessment of the amount of the refund (General Business Law § 198-a [c]) and attorney’s fees due plaintiff, in accordance with the decision herein.
Amended order, insofar as cross-appealed from by defendant DaimlerChrysler Corp., affirmed without costs.
On June 22, 2000, plaintiff leased and took delivery of a new 2000 Chrysler Town and Country vehicle from defendant Bay-side Chrysler Plymouth Jeep, Inc. (the dealership). He subsequently experienced engine problems relating to the vehicle’s oil consumption. In June of 2001, plaintiff commenced this action, seeking relief under the Magnuson-Moss Warranty Act (15 USC § 2301 et seq.) and under the New Car Lemon Law (General Business Law § 198-a). At the time of trial, in November of 2002, plaintiffs only remaining claim was against the manufacturer, defendant DaimlerChrysler Corp., under the New Car Lemon Law. There was no dispute that plaintiff had brought the vehicle to the dealership six times with respect to the engine problems, that the engine had been replaced with a remanufactured engine in May of 2001, and that, at the time of trial, the *66 oil consumption problem had been resolved. The trial court dismissed the complaint, concluding, inter alia, that the statute required that the defect in issue still exist at the time of trial. On a prior appeal, this court held that the “repair attempt” presumption of the New Car Lemon Law (General Business Law § 198-a [d] [1]) did not require that the vehicle’s defect exist at the time of trial, a position subsequently endorsed by the Court of Appeals in Matter of DaimlerChrysler Corp. v Spitzer (7 NY3d 653 [2006]). This court also held that since defendant DaimlerChrysler had failed to effectively rebut said presumption at trial, plaintiff was entitled to judgment as a matter of law against defendant, and we remanded the matter to the court below for the entry of judgment in favor of plaintiff following an assessment of damages in accordance with the formula set forth in General Business Law § 198-a (c) (1) and (2) (Kucher v DaimlerChrysler Corp., 9 Misc 3d 45 [2005]).
During the pendency of the prior appeal, plaintiff had returned the vehicle to Freehold Chrysler in New Jersey on June 22, 2004, which was the expiration date of the lease. Upon remand, the lower court was informed of that fact and, finding that the refund remedy provided by the statute required acceptance of the vehicle by the manufacturer, the court held that such remedy could not be expressly accomplished since the vehicle was no longer in plaintiff’s possession, citing Diaz v Audi of Am., Inc. (19 AD3d 357 [2005]). However, since the statute permitted the court to “award reasonable attorney’s fees to a prevailing plaintiff or to a consumer who prevails in any judicial action” (General Business Law § 198-a [l]), the court set the matter down for a hearing to determine the amount of attorney’s fees to be awarded (11 Misc 3d 1084[A], 2006 NY Slip Op 50694[U] [2006]). Both plaintiff and defendant appeal from that order.
General Business Law § 198-a (c) (1), in pertinent part, provides:
“If . . . the manufacturer or its agents or authorized dealers are unable to repair or correct any defect or condition which substantially impairs the value of the motor vehicle to the consumer after a reasonable number of attempts, the manufacturer, at the option of the consumer, shall replace the motor vehicle with a comparable motor vehicle, or accept return of the vehicle from the consumer and refund to the consumer the full purchase price or, if *67 applicable, the lease price and any trade-in allowance plus fees and charges. Any return of a motor vehicle may, at the option of the consumer, be made to the dealer or authorized agent of the manufacturer who sold such vehicle to the consumer or to the dealer or other authorized agent who attempted to repair or correct the defect or condition which necessitated the return and shall not be subject to any further shipping charges. Such fees and charges shall include but not be limited to all license fees, registration fees and any similar governmental charges, less an allowance for the consumer’s use of the vehicle in excess of the first twelve thousand miles of operation pursuant to the mileage deduction formula defined in paragraph four of subdivision (a) of this section, and a reasonable allowance for any damage not attributable to normal wear or improvements” (emphasis added).
A literal interpretation of the statute would seem to require a quid pro quo arrangement under which the vehicle is returned in exchange for a replacement vehicle or a refund. While in many cases this exchange may be accomplished without difficulty, the statute does not address the situation presented here, where the plaintiff is no longer in possession of the vehicle at the time the vehicle is adjudicated a “lemon.” Certainly, the Legislature could not have intended to require that a lessee exercise a purchase option at the end of a lease just to be able to retain possession of the vehicle pending a determination in the trial court or on appeal that the vehicle was in fact a “lemon.” To impose such a requirement as a condition for relief is inconsistent with the strong remedial purpose of the New Car Lemon Law.
As a remedial statute, the New Car Lemon Law “should be liberally construed in favor of consumers” (Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d at 660). “A liberal construction ... is one which is in the interest of those whose rights are to be protected, and if a case is within the beneficial intention of a remedial act it is deemed within the statute, though actually it is not within the letter of the law” (McKinney’s Cons Laws of NY, Book 1, Statutes § 321, Comment; see also Singer v Land Rover N. Am., Inc., 955 F Supp 359, 364 [D NJ 1997]). In enacting the New Car Lemon Law, the Legislature intended to afford “consumers who lease their vehicles . . . the same protections as those who choose to purchase such vehicles” (Mem of *68 State Exec Dept. 1986 McKinney’s Session Laws of NY, at 3007). In view of the statute’s liberal construction and its clear legislative intent to protect consumers, it cannot be said that the statute requires a plaintiff to retain possession of a vehicle as a predicate for relief.
While courts in other jurisdictions have addressed the issue of whether a plaintiff must retain possession of and return a vehicle in order to be entitled to a remedy under a lemon law statute (compare Singer v Land Rover N. Am., Inc., 955 F Supp 359 [1997], supra, with Coppock v DaimlerChrysler Corp., 2007 WL 2471723, 2007 US Dist LEXIS 63984 [ED Tenn 2007]), the only case to consider the issue in this jurisdiction is Diaz v Audi of Am., Inc. (19 AD3d 357 [2005], supra). In Diaz, a plaintiff commenced an action under the Used Car Lemon Law (General Business Law § 198-b), alleging various defects in her used vehicle. Although the plaintiff subsequently traded in the vehicle at another dealership, the Appellate Division, Second Department, noted that the plaintiff’s lack of possession of the vehicle did not preclude her from seeking relief under the Used Car Lemon Law. Instead, the court concluded, the plaintiffs presentation of evidence that she tendered her vehicle to the defendant dealership and that said tender was refused created an issue of fact as to whether the plaintiff was entitled to “some remedy under the Lemon Law” (19 AD3d at 359).
Similarly, here, plaintiff should not be precluded a remedy under the New Car Lemon Law, where plaintiff offered to return the vehicle and his tender was refused (see id.; see also Motor Veh. Mfrs. Assn. of U.S. v State of New York, 75 NY2d 175, 182-183 [1990]). Plaintiffs complaint specifically requested termination of the lease and return of the lease price, and plaintiff offered to return the vehicle at the time of trial. Defendant, however, did not accept plaintiffs tender of the vehicle. Since plaintiff properly asserted his Lemon Law claim, the fact that he surrendered possession of the vehicle pursuant to the terms of his lease at a New Jersey Chrysler dealership should not foreclose him from requesting relief under the New Car Lemon Law. Moreover, plaintiff is excused from keeping good the tender (see 22A NY Jur 2d, Contracts § 564).
Accordingly, under the particular circumstances of this case, and in light of the remedial purpose of the legislation, we hold that plaintiffs lack of possession of the vehicle does not bar him from seeking refund relief under the New Car Lemon Law. The court below is directed to enter judgment in favor of plaintiff *69 against defendant DaimlerChrysler following its calculation of the amount of the refund in accordance with the formula set forth in the statute (General Business Law § 198-a [c] [1], [2]). Since the statute permits the court to award reasonable attorney’s fees “to a prevailing plaintiff or to a consumer who prevails in any judicial action” (General Business Law § 198-a [l]), it was appropriate for the court below to set the matter down for a hearing to determine the amount of attorney’s fees to be awarded.
The court below is further directed, upon remand, to assess the refund as of June 22, 2004, the date that plaintiff returned the vehicle to the New Jersey dealership at the expiration of the lease.
Weston Patterson, J.P, and Rios, J., concur.