■ CHARLES BALDWIN, Respondent, v GERARD AVENUE, LLC, et al., Defendants, and AUSTIN BROTHERS, INC., Appellant. [871 NYS2d 121]—

Orders, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered March 28, 2008, which precluded defendant Austin Brothers from contesting the existence of certain files considered material, directed a spoliation charge at trial with respect thereto, and precluded Austin from contesting the efficacy of repairs to stairs where the accident took place and from offering the testimony of its project manager at trial, unanimously affirmed, with costs.

Austin has offered no excuse for repeated noncompliance with the court's disclosure orders, conduct that was dilatory and "ultimately contumacious" (*Henry Rosenfeld, Inc. v Bower & Gardner*, 161 AD2d 374, 374 [1990]). All Austin needed to do, in order to comply with the court's July 16, 2007 discovery order, was to contact its former landlord and simply ask what had been done with the records. During deposition, Austin admitted that those records may have been sent to its storage facility in New Jersey, yet no effort was made to contact and inquire of that facility.

A party seeking a sanction such as preclusion or dismissal (CPLR 3126) is required to demonstrate that "a litigant, intentionally or negligently, dispose[d] of crucial items of evidence . . . in [connection with] an accident before the adversary ha[d] an opportunity to inspect them" (*Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 173 [1997]), thus depriving the party seeking the sanction of the means for proving his claim (*see Kirschen v Marino*, 16 AD3d 555, 556 [2005]). Necessary to this burden is a showing of prejudice. Plaintiff has made the requisite showing, as these records were crucial to his action. While Austin correctly argues that plaintiff has most of the records through pretrial discovery, the most important data—the name of the employee who made the repairs and any reports as to how they may have been made—remain missing.

Although Austin's conduct was sufficiently dilatory and contumacious to warrant a CPLR 3126 sanction, the court, instead of striking the answer, issued a more lenient sanction, precluding Austin from contesting the existence of the missing file and the fact that repairs were made, and from offering the testimony of the project manager. The order was appropriately tailored to restore balance to the matter (*see Balaskonis v HRH Constr. Corp.*, 1 AD3d 120, 121 [2003]). Austin was not precluded from offering any evidence as to the condition of the stairway at the time of the accident, nor was it absolutely precluded from offering the project manager's testimony. Instead, the possibility of such testimony was held open to "further order of the court." Austin was thus precluded only from using plaintiff's lack of evidence to its own advantage (*see Jackson v City of New York*, 185 AD2d 768, 770 [1992]).

The order directing a spoliation charge at trial was appropriate, given plaintiff's October 11, 2005 letter that clearly put Austin on notice of the claim for personal injuries. Concur—Tom, J.P., Gonzalez, Buckley, Sweeny and Catterson, JJ.