■ DELORES FRANCIS, Appellant, v ATLANTIC INFINITI, LTD., Respondent. [884 NYS2d 107]—

In an action to recover damages for breach of warranty and violation of General Business Law § 198-b, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated January 16, 2008, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

In March 2006 the plaintiff purchased a used Infiniti automobile from the defendant Atlantic Infiniti, Ltd. (hereinafter Atlantic). In August 2006 she commenced this action against Atlantic to recover damages for breach of warranty and violation of General Business Law § 198-b (hereinafter the Lemon Law). The Supreme Court denied the plaintiff's motion for summary judgment on the issue of liability. We reverse.

In relevant part, the Lemon Law provides that where a dealer or its agent fails within a reasonable time to correct a malfunction or defect, as required by the warranty provided for in the Lemon Law, which substantially impairs the value of a used motor vehicle, the dealer must accept the return of the vehicle and refund the full purchase price, adjusted appropriately (*see* General Business Law § 198-b [b], [c]; *Diaz v Audi of Am., Inc.,* 19 AD3d 357, 358-359 [2005]). Insofar as relevant to the instant matter, under the Lemon Law, a dealer is presumed to have had a "reasonable opportunity to correct a malfunction or defect in a used motor vehicle" if "[t]he vehicle is out of service by reason of repair or malfunction or defect for a cumulative total of fifteen or more days during the warranty period" (General Business Law § 198-b [c] [2] [b]). "Said period shall not include days when the dealer is unable to complete the repair because of the unavailability of necessary repair parts" (General Business Law § 198-b [c] [2] [b]).

Here, the plaintiff made a prima facie showing that Atlantic had a reasonable opportunity to correct defects to the Infiniti's engine by submitting her own affidavit and Atlantic's work orders indicating that the Infiniti was out of service for 44 days during the warranty period as a result of repairs Atlantic made to the Infiniti's engine. In opposition, Atlantic failed to raise a triable issue of fact as to whether the Infiniti had been out of service for fewer than 15 days during the warranty period on

the basis of such repairs (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Atlantic submitted the affidavit of its service manager, who averred that the Infiniti had been at the dealership for engine repairs for a total of only 28 days, that five of those days had been spent waiting for a Nissan representative to visit the dealership, inspect the engine, and authorize its replacement, and that an additional 11 days had been spent waiting for the delivery of the replacement engine. Atlantic contended that because the Infiniti was not "out of service" within the meaning of the Lemon Law for those 16 days, it was only out of service for 12 of the 28 days it spent at the dealership for the engine repairs. However, although the Lemon Law excludes from the "out of service" time calculation days when the dealer cannot complete the repair because of the unavailability of necessary repair parts (*see* General Business Law § 198-b [c] [2] [b]), the statute does not provide any similar exclusion for days which a dealer spends waiting for authorization to perform the repair. Thus, because Atlantic was not entitled to a time credit for the five days it allegedly spent waiting for authorization to replace the Infiniti's engine, its opposing papers failed to raise a triable issue of fact as to the presumption that it had a reasonable opportunity to repair the Infiniti's engine defects based on the Infiniti being out of service for such repairs for 15 or more days during the warranty period (*see* General Business Law § 198-b [c] [2] [b]).

Additionally, the record demonstrates, as a matter of law, that the engine defects substantially impaired the value of the Infiniti to the plaintiff (*see* General Business Law § 198-b [c] [1]). In support of her motion, the plaintiff tendered evidence that Atlantic's engine repairs were precipitated by a total failure of the Infiniti's engine. In opposition, Atlantic failed to raise a triable issue of fact as to its entitlement to the affirmative defense provided by the Lemon Law that the defect did not substantially impair the value of the vehicle to the consumer (*see* General Business Law § 198-b [c] [1] [a]). Since the presumption that Atlantic had a reasonable opportunity to repair the engine defects was based upon the Infiniti being out of service for such repairs for 15 or more days, Atlantic's liability under the Lemon Law was not contingent upon whether the Infiniti was subsequently operable (*see Matter of Bay Ridge Toyota v Lyons*, 272 AD2d 397 [2000]).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.