Order, Supreme Court, New York County (Debra A. James, J), entered January 22, 2009, which denied defendant’s motion for summary judgment dismissing the complaint and granted plaintiff’s cross motion to strike defendant’s answer on the ground of spoliation of evidence to the extent of precluding defendant from presenting evidence at trial as to the issue of its notice of the condition of the stairs on which plaintiff was injured and directing that an adverse inference be charged, unanimously modified, on the law, to direct that the sanction be limited to directing that an adverse inference be charged, and otherwise affirmed, without costs.
In sanctioning defendant for failing to preserve critical evidence, the motion court appropriately exercised its “broad discretion to provide . . . relief to the party deprived of the lost *403 evidence” (Ortega v City of New York, 9 NY3d 69, 76 [2007]). Defendant failed to preserve a video recording that may have shown the stairway before and during plaintiffs accident. The unavailability to plaintiff of the video recording may have impaired his ability to establish that defendant possessed the requisite notice of a defective condition on the stairs. Under these circumstances, however, the extreme sanction of preclusion is not warranted “to restore balance to the matter” (Baldwin v Gerard Ave., LLC, 58 AD3d 484, 485 [2009]). Rather, an adverse inference is sufficient to prevent defendant from using the absence of the videotape to its own advantage (Tomasello v 64 Franklin, Inc., 45 AD3d 1287 [2007]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Richter, JJ.