■ ROBERT RUSSO, Respondent, v BMW OF NORTH AMERICA, LLC, et al., Appellants. [920 NYS2d 64]—

The motion court exercised its discretion in a provident manner in denying defendants' motion. The record shows that defendants failed to establish how an inspection of the subject vehicle in April of 2010, which is the first time they sought to conduct such an inspection, is relevant to defending against plaintiffs' claims under the Lemon Law (see General Business Law § 198-a).

Defendants also failed to demonstrate that by returning the vehicle as required by the lease agreement, plaintiff spoliated evidence. The Court of Appeals has stated that "nothing in the legislative history indicates an intention to require consumers to leave their vehicles in disrepair pending arbitration or trial" (Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 663 [2006]). Defendants urge this Court to adopt a construction of the Lemon Law that has no textual support and is contrary to the statute's remedial nature and purpose to protect consumers (id.; Kucher v DaimlerChrysler Corp., 20 Misc 3d 64, 68 [2008] ["it cannot be said that the statute requires a plaintiff to retain possession of a vehicle as a predicate for relief"]).

Furthermore, although sanctions may be imposed for even negligent spoliation (see e.g. Squitieri v City of New York, 248 AD2d 201, 203 [1998]), striking a pleading is usually not warranted unless the evidence is crucial and the spoliator's conduct evinces some higher degree of culpability (see Hall v Elrac, Inc., 79 AD3d 427, 428 [2010]; Baldwin v Gerard Ave., LLC, 58 AD3d 484, 485 [2009]). Here, the undisputed facts show neither. Defendants knew, as early as December 2008, that plaintiff's lease agreement terminated in November of 2009, and plaintiff's reply to defendants' interrogatories readily offered defendants the chance to inspect the vehicle. Defendants did not seek to do so until several months after the lease expired and the vehicle was returned. Concur—Mazzarelli, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.