Order, Supreme Court, New York County (Geoffery D. Wright, J.), entered September 6, 2011, which, in this negligence action arising from plaintiffs fall from a chair, granted the motion of defendants City of New York and City of New York Human Resources Administration for summary judgment dismissing the complaint and denied plaintiffs cross motion to strike defendants’ pleadings, unanimously reversed, on the law, without costs, defendants’ motion denied, and plaintiffs cross motion granted to the extent of directing an adverse inference charge and preclusion of defendant’s testimony as to the chair’s condition.
The trial court should have imposed the sanction of an adverse inference charge because the chair was not the sole means to establish plaintiffs claim (see Alleva v United Parcel Serv., Inc., 96 AD3d 563, 564 [1st Dept 2012]; Mendez v La Guacatala, Inc., 95 AD3d 1084, 1085 [2d Dept 2012]). Further, the court should have precluded defendant from offering any *426 evidence at trial as to the chair’s condition. Plaintiffs notice of claim specifically requested preservation of the chair, and defendants’ failure to preserve it constitutes spoliation. Plaintiffs testimony that the chair was not broken would not have precluded an expert from finding a latent defect upon examination during the discovery process. Spoliation of the chair prevented the plaintiff from providing incisive evidence. Plaintiffs testimony adduced at trial could have allowed a jury to find that a defective condition or an improper use of the chair caused her accident and resulting injury. As such, an adverse inference charge along with the preclusion against defendant is a reasonable sanction considering the prejudice to the plaintiff (see e.g. Baldwin v Gerard Ave., LLC, 58 AD3d 484, 485 [1st Dept 2009]).
Given the sanction of an adverse inference charge along with the preclusion of testimony regarding the condition of the chair, defendants’ motion for summary judgment is denied (see Alleva v United Parcel Serv., Inc., 102 AD3d 573 [1st Dept 2013]; see also Wood v Pittsford Cent. Sch. Dist., 2008 WL 5120494, 2008 US App LEXIS 24733 [2d Cir, Dec. 8, 2008, No. 07-0892-CV]; Byrnie v Town of Cromwell, Bd. of Educ., 243 F3d 93, 107-111 [2d Cir 2001] [defendants’ spoliation of evidence was adequate grounds for denying defendants’ summary judgment motion]; Kronisch v United States, 150 F3d 112, 125-128 [2d Cir 1998]). Moreover, based on this record, triable issues of fact exist as to whether defendant provided an inappropriate chair with wheels on a slippery floor. Concur — Tom, J.P, Sweeny, Moskowitz, Renwick and Clark, JJ.