Appeals from orders, Supreme Court, New York County (Arthur F. Engoron, J.), entered February 26, 2013, which, to the extent appealed from as limited by the briefs, granted defendants’ posttrial motion for judgment notwithstanding the verdict to the extent of dismissing plaintiffs breach of contract claims and granting defendants judgment as a matter of law on their counterclaim for construction costs; upon reargument, adhered to its original determination granting defendants’ motion during trial for judgment as a matter of law on defendants’ counterclaim for rent; and denied plaintiffs motions for spoliation sanctions, deemed appeals from judgment, same court and Justice, entered February 21, 2014, awarding defendants the total amount of $915,750.90, including costs, interest and attorneys’ fees, and, so considered, said judgment unanimously modified, on the law, to deny so much of defendants’ posttrial motion for judgment notwithstanding the verdict as sought judgment as a matter of law on their counterclaim for construction costs, and to reinstate the jury verdict on that counterclaim, to deny so much of defendants’ motion during trial as sought judgment as a matter of law on their counterclaim for additional rent, and to dismiss that counterclaim, to vacate the award of attorneys’ fees and remand that issue to Supreme Court for further proceedings in accordance herewith, and otherwise affirmed, without costs.
Elaintiff argues that an implied contract between herself and defendants arose from defendants’ conduct in allegedly agreeing *623 with nonparty United Western Bank (UWB) to provide collateral to secure a loan to plaintiff. At trial plaintiff entered into evidence various UWB documents suggesting that defendant Jodi Richard had agreed with UWB to provide a second mortgage on property she controlled at 75 Worth Street in Manhattan to secure a loan to plaintiff to establish a business at that location. However, regardless of any understanding or agreement between defendants and UWB, plaintiffs emails of December 19, 2008 and January 8, 2009, which were entered into evidence, along with her own testimony, refute any claim that defendants agreed with plaintiff to provide collateral for her loan. Indeed, in plaintiffs December 19, 2008 email she admitted that she never believed “real estate was involved” in the terms of defendants’ guarantee. On January 8, 2009 Richard sent plaintiff an email explaining that UWB was requiring the property as collateral for the full amount of the loan, to which plaintiff responded, “That is shocking news—am sorry you were so mislead [sic], as was I.” Moreover, plaintiff testified at trial that she did not know the terms of the guarantee. We reject plaintiffs reliance on the various UWB documents entered into evidence to suggest that Richard had agreed with UWB to collateralize plaintiffs loan with a mortgage on the 75 Worth Street property; these emails and plaintiffs admission that she did not know the terms of defendants’ guarantee demonstrate that plaintiff did not believe that such an agreement had been made. Thus, there was no meeting of the minds between plaintiff and defendants that defendants would provide a mortgage on the property to guarantee plaintiffs loan, and no valid line of reasoning existed for the jury to reach that conclusion (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). Accordingly, Supreme Court properly granted defendants’ motion pursuant to CPLR 4404 dismissing plaintiff’s breach of contract claims. Given the foregoing conclusion, there is no need to consider whether Supreme Court improperly invoked the statute of frauds to bar enforcement of the alleged agreement.
Supreme Court properly denied plaintiffs motions for spoliation sanctions, as there was no showing of prejudice (see Baldwin v Gerard Ave., LLC, 58 AD3d 484, 485 [1st Dept 2009]). Indeed, the documents defendants failed to produce during discovery do not change the outcome here.
Supreme Court erred, however, in granting defendants judgment as a matter of law on their counterclaim for construction costs. Emails between plaintiff and Richard entered into evidence reveal that defendants paid contractors to build out the suite plaintiff was leasing before plaintiff and defendants agreed *624 that plaintiff would repay the money. Further, plaintiff testified that she repeatedly told Richard that she would not be able to pay Richard back unless she obtained a bank loan. She also entered into evidence two emails in which she expressed hope that she would be able to pay Richard back upon receiving the loan. Thus, there existed sufficient evidence for the jury to conclude, as it did, that plaintiffs obligation to repay defendants for construction costs was conditioned on obtaining a bank loan (which she never obtained).
Supreme Court also erred in granting defendants a directed verdict on their counterclaim for additional rent. Although defendants entered into evidence a bill sent to plaintiff for rent and additional rent due, defendant pointed to no evidence establishing plaintiffs obligation to pay “additional rent,” what this consisted of, or how it was calculated.
Supreme Court should not have awarded defendants attorneys’ fees in connection with the prosecution and defense of all the claims in this litigation. Defendants’ entitlement to attorneys’ fees arose under section 19.4 of the lease addressing defendant LLC’s remedies for a default by plaintiff under the lease. The lease specifically states that defendant landlord is entitled to, among other things, “amounts (including reasonable attorneys’ fees and disbursements) in instituting, prosecuting or defending any legal action by or against [plaintiff] Tenant, or in connection with any dispute under this lease, in which Landlord prevails.” Because the phrase “in which Landlord prevails” must apply to each clause setting forth the landlord’s entitlement to attorneys’ fees, so too must the preceding, parallel phrase “under this lease.” This conclusion is reinforced by the purpose of the provision—namely, to provide remedies for defaults of lease obligations (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492 [1989]). Thus, while defendants are entitled to reasonable attorneys’ fees in connection with prosecuting their claim for rent due under the lease, the lease does not entitle them to attorneys’ fees for any duties that did not arise from the lease. Accordingly, the issue of attorneys’ fees must be remanded to Supreme Court for a determination of reasonable attorneys’ fees in connection with defendants’ counterclaim for rent owed under the lease.
Concur—Tom, J.E, Moskowitz, Manzanet-Daniels, Feinman and Gische, JJ.