■ Paul Kleinberg et al., Plaintiffs, v 516 West 19th LLC, Respondent/First Third-Party Plaintiff, and The J Construction Company, LLC, Defendant/Second Third-Party Plaintiff-Respondent. KNS Building Restoration Corp., Second Third-Party Defendant-Appellant; Delta Testing Laboratories Inc., Second Third-Party Defendant-Respondent, et al., First Third-Party Defendant, et al., Second Third-Party Defendants. (And Other Third-Party Actions.) [31 NYS3d 12]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered on or about January 29, 2015, which, insofar as appealed from as limited by the briefs, denied second third-party defendant's (KNS) motion to dismiss second third-party plaintiff the J Construction Company, LLC's (J Con) remaining

claims and all cross claims against it on the ground of spoliation of evidence, unanimously affirmed, with costs.

J Con, the general contractor, discharged any duty it had to advise KNS, the roof installation subcontractor, that litigation over the integrity of the allegedly leaky roof had been commenced by sending KNS a copy of the complaint in the main action, together with a demand that KNS defend and indemnify it in that action. In addition to being intimately familiar with the roof—having installed it—KNS was also involved in the remediation efforts for months after the roof was installed. It was obvious from the facts and from the face of the complaint that the integrity of the roof was at issue. Under the circumstances, J Con was not negligent (*see Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 173 [1st Dept 1997]). Indeed, KNS failed to take steps to protect itself and J Con, its principal (*see Russo v BMW of N. Am., LLC*, 82 AD3d 643 [1st Dept 2011]). In light of the record of water penetrating into plaintiffs' units for many months and the issuance by the Department of Buildings of violations and directives to repair the roof, the removal and replacement of the roof does not constitute spoliation, because it "was not done in bad faith to harm [KNS's] litigation posture, but rather for purposes of mitigation of damages" (*Yager v Thompson*, 8 Misc 3d 138[A], 2005 NY Slip Op 51286[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]; *see Popfinger v Terminix Intl. Co. Ltd. Partnership*, 251 AD2d 564 [2d Dept 1998]).

Given the extensive evidence of the condition and alleged defects of the roof, and the comprehensive expert reports, KNS failed to show that it has been prejudiced by the destruction of the roof (*see Myers v Sadlor*, 16 AD3d 257 [1st Dept 2005]; *Romano v Scalia & DeLucia Plumbing*, 280 AD2d 658, 659 [2d Dept 2001]). Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Webber, JJ.