■ CHRISTOPHER MOSCIONE, Respondent-Appellant, v QPII-43-23 ITHACA STREET LLC et al., Appellants-Respondents, et al., Respondents. [67 NYS3d 141]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered August 8, 2016, which granted plaintiff's motion for spoliation sanctions to the extent of reserving for the trial court the decision whether to direct an adverse inference against defendants QPII-43-23 Ithaca Street LLC and Cooper Square Realty Inc., denied QPII and Cooper Square's motion for summary judgment dismissing the complaint and all cross claims against them, granted defendants Vantage Properties, LLC, and Vantage Management Services, LLC's motion for summary judgment dismissing the complaint and all cross claims against them, and granted Guardsman Elevator Co., Inc.'s motion for summary judgment to the extent of dismissing the complaint as against it, unanimously modified, on the law and the facts, to the extent of directing the trial court to give an adverse inference charge as stated herein, and otherwise affirmed, without costs.

Plaintiff, a former United Parcel Service driver, was injured when the door to an elevator at the premises where he was making a delivery closed on him and failed to re-open.

The record demonstrates that defendants Vantage Properties, LLC, and Vantage Management Services were no longer the managing agents of the building at the time of the accident. Thus, there is no basis for holding them liable for plaintiff's injuries (*Armstrong v Ogden Allied Facility Mgt. Corp.*, 281 AD2d 317, 318 [1st Dept 2001]).

Defendant Guardsman Elevator's maintenance contract provided unambiguously that Guardsman was not responsible for the elevator door; therefore, extrinsic evidence may not be

considered (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157 [1990]). Moreover, the record demonstrates that Guardsman took steps to alert the owners and managing agents of the building to the deteriorating condition of the elevator, preparing a proposal for the elevator's modernization, which was rejected.

The record presents issues of fact as to what defendants QPII-43-23 Ithaca Street LLC and Cooper Square Realty Inc., the owner and managing agent, respectively, of the building at the time of the accident, knew about the condition of the elevator. They had received Guardsman's modernization proposal, and there is evidence that they had notice of a problem with the elevator door.

On the record here, the motion court should have directed the trial court to give an adverse inference charge against QPII and Cooper Square as a sanction for spoliation. After numerous delays in scheduling an inspection of the elevator, plaintiff's counsel and expert arrived at the premises on the appointed date only to learn that the elevator had been torn out by the new building owner just days earlier. Although QPII and Cooper Square no longer owned or managed the premises by that time, they had undertaken the coordination of the inspection, and they should have advised the new owner to preserve the evidence until the inspection was concluded (*see generally Castiglione v Village of Ellenville*, 291 AD2d 769 [3d Dept 2002]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Manzanet-Daniels, J.P., Mazzarelli, Kapnick and Webber, JJ.