Fata v Heskel's Riverdale, LLC (2024 NY Slip Op 00226)

Fata v Heskel's Riverdale, LLC

2024 NY Slip Op 00226

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Oing, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Index No. 34350/20 Appeal No. 1445-1446 Case No. 2023-04379 2023-04779 

[*1]Fred Fata, Plaintiff-Respondent,
v
Heskel's Riverdale, LLC, Defendant-Appellant. 

Mauro Lilling Naparty LLP, Woodbury (Katherine Herr Solomon of counsel), for appellant.
Hecht & Hecht, LLP, Bronx (Michael W. Hecht of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Raymond P. Fernandez, J.), entered September 14, 2023, in plaintiff's favor on the issue of liability, and bringing up for review an order, same court and Justice, entered July 31, 2023, which, to the extent appealed from, granted plaintiff's motion to strike defendant's answer on the grounds of spoliation of evidence and directed the Clerk to enter the aforesaid judgment, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff was injured when he tripped on a metal drain plate in a parking garage located in defendant's building. Within minutes of the accident, plaintiff called the building superintendent, who came to the scene. On the same day, the superintendent retrieved the video of the accident from the garage surveillance system and watched it, but because he did not act to preserve the video, it was automatically erased three days later. The superintendent also replaced the metal drain plate and disposed of it about a year after the accident even though he knew this action was pending. The fall caused plaintiff to sustain trauma to his head, which resulted in a subdural hematoma, treated by craniotomy surgery, and memory loss, including as to the events surrounding his fall.
The record establishes that although defendant knew of plaintiff's injuries and was therefore on notice that the video surveillance footage might be needed for future litigation, defendant nevertheless failed to take affirmative steps to preserve the footage, which was then automatically erased (see Ellis v JPMorgan Chase Bank, 190 AD3d 413, 414 [1st Dept 2021]). In addition, the record shows that the building superintendent intentionally disposed of the metal drain cover while he had actual knowledge that this action was pending (see VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 46 [1st Dept 2012]). These actions constitute spoliation of evidence (see Maiorano v JPMorgan Chase & Co., 124 AD3d 536, 536 [1st Dept 2015]), and sanctions are appropriate because the spoliated evidence was relevant to plaintiff's claims against defendant (see VOOM HD Holdings, 93 AD3d at 46).
Given the intentional disposal of the metal drain cover, defendant's failure to preserve the video surveillance footage, and plaintiff's resulting memory issues, the record demonstrates that defendant's "conduct evinces some higher degree of culpability" and that the spoliated evidence was "crucial" to plaintiff's action (Rossi v Doka USA, Ltd., 181 AD3d 523, 526 [1st Dept 2020], quoting Russo v BMW of N. Am., LLC, 82 AD3d 643, 644 [1st Dept 2011]). Accordingly, Supreme Court providently exercised its discretion in striking defendant's answer rather than imposing the lesser sanction of an adverse inference charge (see Sage Realty Corp. v Proskauer Rose, 275 AD2d 11, 17 [1st Dept 2000] ["courts have broad discretion that must not be disturbed absent [*2]clear abuse to impose sanctions under CPLR 3126 when a party intentionally, contumaciously or in bad faith . . . destroys evidence prior to an adversary's inspection"] [internal quotation marks omitted]; cf. VOOM HD Holdings, 93 AD3d at 47).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024