**Castillo v Cannon Point S., Inc.**

2024 NY Slip Op 33181(U)

September 6, 2024

Supreme Court, New York County

Docket Number: Index No. 160080/2020

Judge: Verna L. Saunders

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. VERNA L. SAUNDERS, JSC**     PART   36

*Justice*

------------------------------------------------------------------------X

VICTOR CASTILLO,

                     Plaintiff,

           - v -

CANNON POINT SOUTH, INC. and INSIGNIA RESIDENTIAL
GROUP,

                  Defendants.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160080/2020 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 71, 73

were read on this motion to/for                 **STRIKE PLEADINGS**          .

This action arises from an injury that plaintiff sustained on April 16, 2019, when he tripped and fell over an allegedly detached/loose/raised exterior drainage grate at the bottom of the driveway at Little Man Parking, a parking garage in the building located at 45 Sutton Place, New York, NY, 10022 (hereinafter, "the premises"), where he worked as a parking attendant. As a result of the accident, the plaintiff claims to have suffered severe injuries to his neck, back, and shoulders, requiring multiple surgeries. The premises is owned by Cannon Point South, Inc. (hereinafter, "Cannon") and managed by the Insignia Residential Group (hereinafter, "Insignia"). Cannon leased the garage to Little Man. Plaintiff claims that his injury causing accident occurred due to defendants' negligence and recklessness (NYSCEF Doc. No. 1 *summons and complaint*).

Defendants filed an answer denying the allegations and asserting several affirmative defenses (NYSCEF Doc. No. 6, *answer*).

Plaintiff now moves, pursuant to CPLR 3126, for an order striking defendants' answer for intentionally spoliating evidence, namely, the ramp, drain, and drainage grate that caused plaintiff's accident; precluding defendants from offering any evidence on issues of liability at trial and deeming all issues of liability resolved in favor of plaintiff. Plaintiff also seeks an adverse inference charge to the jury at the time of the trial of this matter with respect to the changed ramp, drain, and drainage grate (NSYCEF Doc. No. 29, *notice of motion*).

Plaintiff contends that in the summer of 2022 there was construction work at the premises which involved the renovation of the subject parking garage ramp where plaintiff's accident occurred. According to plaintiff, when his counsel and expert engineer arrived at the premises on January 11, 2023, the expert was unable to conduct a meaningful inspection of the subject ramp and drainage grate because the drainage grate and the ramp had been completely refinished and were no longer in the condition that existed on the date of plaintiff's accident. He asserts that, by way of the so-ordered stipulations dated July 20, 2022, and October 21, 2022, and

160080/2020   CASTILLO, VICTOR vs. CANNON POINT SOUTH, INC            Page 1 of 4
Motion No. 001

1 of 4

plaintiff's April 28, 2022, e-mail to defendants advising that his expert site inspection of the ramp was upcoming, defendants were on notice to preserve the evidence. Plaintiff maintains that it should be inferred that the destruction of the evidence, i.e., the defective condition at the premises, was intentional because defendants renovated the subject area and destroyed critical evidence despite being on notice that plaintiff sought to inspect the premises. The destruction of such evidence, claims plaintiff, has severely prejudiced his case (NYSCEF Doc. No. 30, *Blyth affirmation*).

In support of the instant motion, plaintiff submits, *inter alia*, a copy of the April 28, 2022, e-mail (NYSCEF Doc. No. 36, *April 28, 2022, e-mail*), so-ordered stipulations dated July 20, 2022 and October 21, 2022 (NYSCEF Doc. Nos. 38-39, *so-ordered stipulations*), the affidavit of Harold Krongelb, his expert, who avers that even though he was given photos that fairly represent the site of plaintiff's injury before the January 11, 2023 inspection, he could not measure the size and depth of the defect as existed when plaintiff tripped and fell because the drainage grate and the surrounding areas had been changed before the site visit (NYSCEF Doc. No. 41, *Krongelb affidavit*). Plaintiff also furnishes a copy of photographs showing how the injury site appears post-repairs (NYSCEF Doc. No. 42, *post-repair photographs*) and deposition transcript of Mervin Concepcion (hereinafter, "Concepcion"), the manager of Little Man parking garage where plaintiff was injured, who testified that both the ramp and drainage grate at the bottom of the ramp were replaced, and that the site of plaintiff's injury looked different post-renovation. (NYSCEF Doc. No. 45, *Concepcion's deposition transcript*).

Defendants, in opposition, argue that plaintiff's motion is procedural gamesmanship to prevent the court from ruling on the summary judgment motion on liability. According to defendants, the subject accident was captured on video, which depicts that there was no defective condition in the area plaintiff fell, and plaintiff's co-worker and manager, Concepcion, confirmed same at his deposition. Concepcion testified at his deposition that while helping plaintiff to get back to his feet immediately after the fall, he noticed that the area where plaintiff fell looked unchanged. Defendants set forth that since their records demonstrate that the drainage grate at issue was not maintained or moved in any way prior to plaintiff's accident, any claim that the inspection was necessary or material to plaintiff's case is without merit. They assert that plaintiff did not serve a notice to preserve the area where he fell for inspection and defendants were not obligated to safeguard and preserve the ramp and the drainage grate until plaintiff decided to inspect same. Defendants posit that since they operate a busy garage, it would have been unreasonable for them to maintain the drainage grates in the same condition it was in at the time plaintiff incident occurred. They set forth that, based on the video footage and photographs of the drain provided to plaintiff, they did not believe that the drainage grate warranted inspection and the alterations were necessary to upgrade the plumbing in the building. They also note that plaintiff has failed to establish prejudice as claimed insofar as he has not demonstrated that the video footage, photographs, maintenance records provided, and depositions conducted to date are insufficient for plaintiff's expert to formulate his opinion. Defendants articulate that plaintiff fails to describe the information that would have been ascertained from the inspection, and how he is prejudiced by not having that information. They also assert that, to the extent the drainage grate was dislodged or became raised, it would have been right before plaintiff's accident. They contend that since the drainage grate and the ramp were in constant use, the conditions around the drainage grate and ramp are transient and

**160080/2020   CASTILLO, VICTOR vs. CANNON POINT SOUTH, INC**
**Motion No. 001**

Page 2 of 4

2 of 4

therefore, any inspection by plaintiff's expert would not have yielded relevant or material information because the conditions that existed during plaintiff's injury would have changed. Lastly, defendants set forth that plaintiff has failed to establish that an adverse inference is warranted (NYSCEF Doc. No. 71, *opposition*).

In reply, plaintiff contends that defendants' argument that the instant motion to strike is a procedural gamesmanship to prevent the court from ruling on their summary judgment motion on liability is meritless because plaintiff's motion was filed more than five weeks before defendants' motion. Plaintiff also argues that he was not required to provide a "notice to preserve" the subject ramp and drainage grate because the two discovery court orders-imposed preservation obligations on defendants to safeguard and preserve the subject ramp. Concerning the existence of the accident video, plaintiff asserts that same is not a substitute for plaintiff's entitlement to have his expert inspect the subject ramp (NYSCEF Doc. No. 73, *reply*).

Supreme Court has broad discretion to determine a sanction for the spoliation of evidence (see *Harry Winston, Inc. v Eclipse Jewelry, Corp.*, 215 AD3d 421, 422 [1st Dept 2023]). To prevail on a motion for sanctions for spoliation of evidence, the moving party must establish: (1) that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, (2) that the evidence was destroyed with a "culpable state of mind," and (3) "that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (*Pegasus Aviation I, Inc. v Varig Logistica S.A.*, 26 NY3d 543, 547 [2015]). A "culpable state of mind" includes ordinary negligence for purposes of a motion for spoliation sanctions (*VOOM HD Holdings LLC v EchoStar Satellite L.L.C.*, 93 AD3d 33, 45 [1st Dept 2012]). An adverse inference charge is an appropriate sanction where there is other evidence to support a claim (see *Arbor Realty Funding, LLC v Herrick, Feinstein LLP*, 140 AD3d 607, 610 [1st Dept 2016]).

Here, plaintiff's motion is granted only to the extent that plaintiff is entitled to an adverse inference charge at the time of trial. Given that plaintiff has deposed non-party witnesses and has been furnished a copy of the injury causing incident video footage, his case has not been fatally compromised by the alleged spoliation (see *Jackson v Whitson's Food Corp.*, 130 AD3d 461, 463 [1st Dept 2015]). It has been held that spoliation sanctions are warranted where, as here, the spoliator did not take appropriate steps to safeguard evidence (see *Amaris v Sharp Elecs. Corp.*, 304 AD2d 457, 457 [1st Dept 2003]). Defendants negligently spoliated the evidence because, at the very least, they should have coordinated with plaintiff for the drainage grate inspection before the construction was undertaken (see *Moscione v QPII-43-23 Ithaca St. LLC*, 156 AD3d 445, 446 [1st Dept 2017]). Given the so-ordered discovery stipulations in this action, defendants were aware that the drainage grate was evidence plaintiff wanted his expert to inspect. (See *Gilchrist v City of New York*, 104 AD3d 425, 426 [1st Dept 2013]). The spoliation prejudiced plaintiff in that his expert was unable to inspect the subject drainage grate and provide a report in support of plaintiff's claims. Plaintiff's motion is granted only to the extent that plaintiff is entitled to an adverse inference charge at the time of trial as the "[s]triking [of] a pleading is usually not warranted unless the evidence is crucial and the spoliator's conduct evinces some higher degree of culpability" (*Russo v BMW of N. Am., LLC*, 82 AD3d 643, 644 [1st Dept 2011], citing *Hall v Elrac, Inc.*, 79 AD3d 427, 428[1st Dept 2010] ["[a]bsent proof that the destruction of [evidence] was willful, contumacious or in bad faith, the court properly

**160080/2020 CASTILLO, VICTOR vs. CANNON POINT SOUTH, INC**
**Motion No. 001**

**Page 3 of 4**

3 of 4

[* 3]

declined to impose the drastic sanction of striking defendant's answer"]). There is a strong disfavor for striking a pleading as a sanction for spoliation absent a showing that (1) the destruction of evidence was willful, contumacious or in bad faith and (2) the loss of the evidence deprives the moving party of the ability to prosecute or defend their case (see *Harry Winston, Inc.*, 215 AD3d at 422 [striking the answer not warranted as plaintiff failed to establish that the unavailability of the lost and destroyed evidence prejudiced it and left it unable to prosecute its action]). Dismissal of pleadings is warranted only where the spoliated evidence is the sole means by which a party can support its case (see *Alleva v United Parcel Serv., Inc.*, 112 AD3d 543, 544 [1st Dept 2013]; *Schantz v Fish*, 79 AD3d 481, 481 [1st Dept 2010]). Thus, the trial court is directed to give an adverse inference instruction against defendants as a sanction for spoliation consistent with this decision. The trial judge has the discretion to formulate the precise charge—including the specific issue(s) of the trial for which an adverse inference may be drawn (see *Barlow v Skroupa*, 221 AD3d 482, 483 [1st Dept 2023]). All other arguments have been considered and are either without merit or need not be addressed given the findings above. Accordingly, it is hereby

**ORDERED** that plaintiffs' motion is granted to the extent that plaintiff is entitled to an adverse inference instruction at the time of trial; and it is further

**ORDERED** that the parties are directed to appear remotely for the previously scheduled status conference on November 13, 2024, details for which will be provided no later than November 11, 2024; and it is further

**ORDERED** that, within twenty (20) days after this decision and order is uploaded to NYSCEF, counsel for plaintiff shall serve a copy of this decision and order, with notice of entry, upon defendants.

This constitutes the decision and order of this court.

_____September 6, 2024_____

HON. VERNA L. SAUNDERS, JSC

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**160080/2020   CASTILLO, VICTOR vs. CANNON POINT SOUTH, INC**
**Motion No. 001**

Page 4 of 4

4 of 4

[* 4]