Blinbaum v Chan (2025 NY Slip Op 03273)

Blinbaum v Chan

2025 NY Slip Op 03273

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Webber, J.P., Gesmer, Rodriguez, Higgitt, O'Neill Levy, JJ. 

Index No. 151012/20, 595156/21|Appeal No. 4529|Case No. 2024-03651|

[*1]Jacques Blinbaum, Plaintiff-Respondent,
v
Alfred K.T. Chan, et al., Defendants-Appellants.

Alfred K.T. Chan, et al., Third-Party Plaintiffs-Appellants,
v
Shawmut Woodworking & Supply, Inc. Doing Business as Shawmut Design and Construction, Third-Party Defendant.

Ahmuty, Demers & McManus, Albertson (Daniel Glattman of counsel), for appellants.
Rosenberg Fortuna & Laitman, LLP, Garden City (Joseph P. Sacco of counsel), for respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered May 20, 2024, which denied defendants' renewed motion for spoliation sanctions, unanimously affirmed, with costs.
In January 2018, plaintiff and defendants, as owners of adjoining townhouses, entered into a license agreement that gave defendants access to plaintiff's property so that defendants could complete a renovation project. Under the license agreement, plaintiff had the sole discretion to determine when and how repairs to his property would be made should any damage be caused by defendants' renovation. Plaintiff commenced this action in January 2020, alleging that in August 2018, water infiltrated his roof and damaged his townhouse. After further water infiltration in early July 2021, plaintiff undertook repairs of his roof.
Defendants first moved for spoliation sanctions in May 2022, alleging that plaintiff's July 2021 repairs violated a court order that allowed defendants' expert to inspect the roof. Supreme Court denied defendants' motion without prejudice to renewal and directed another inspection to take place on or before June 30, 2023. Defendants did not appeal that order. After the June 2023 inspection, defendants renewed their motion for spoliation sanctions, submitting an expert affidavit of an architect who averred that the July 2021 repairs prevented an inspection. Plaintiff countered with an affidavit of his own architect as well as proof that defendants' insurer, accompanied by defendants' counsel, had inspected the roof and taken photographs in October 2018, approximately two months after plaintiff complained of water damage, and again in 2021 and 2023, when repairs were removed at the request of defendants' expert, providing full access to the roof.
Supreme Court providently exercised its discretion in denying defendants' renewed motion for spoliation sanctions as defendants failed to establish that the missing evidence was their sole means of defending against plaintiff's claims or that the repairs plaintiff made to his roof in July 2021 prejudiced their ability to defend against plaintiff's claims that defendants' construction work damaged his property (see Domingo v 541 Operating Corp., 210 AD3d 423, 423 [1st Dept 2022], lv denied 39 NY3d 1100 [2023]; OrthoTec, LLC v HealthpointCapital, LLC, 106 AD3d 472, 473 [1st Dept 2013]). Defendants do not deny that their insurance carrier, along with counsel, inspected the roof and took photographs in October 2018. Defendants' expert also averred in his affidavit that upon his June 2023 inspection he was able to distinguish between the July 2021 repairs and pre-existing repairs.
Furthermore, under the license agreement, plaintiff had a right to repair his roof, which he had delayed undertaking for years during the litigation. Given plaintiff's averment that water had been entering his home from the roof since August 2018, the repairs plaintiff made to his roof do not constitute spoliation, as the record shows [*2]that those repairs were done for the purpose of mitigating the damage to plaintiff's home and not in bad faith to harm defendants' litigation posture (see Kleinberg v 516 W. 19th LLC, 138 AD3d 549, 550 [1st Dept 2016]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025