■ DAVID COLEMAN, Respondent, v. JACOB A. GREEN et al., Appellants. NORMAN N. KLINES, Individually and Suing on Behalf of Himself and of All Other Persons Similarly Situated, Respondent, v. JACOB A. GREEN et al., Appellants.— In two separate actions to recover for waste, corporate mismanagement and breach of contract, the defendants in the two actions appeal from two separate orders of the Supreme Court, Queens County, each entered March 9, 1965, which (1) granted to the respective plaintiff the right to examine all the defendants in order to frame an amended complaint (CPLR 3102, subd. [c]) ; (2) extended the time to serve such amended complaint; and (3) denied defendants' cross motions to dismiss the respective action for lack of prosecution. Orders modified to the extent that the motions to examine defendants for purposes of framing the complaints are denied, without costs. As so modified, orders affirmed, without costs. The time of each plaintiff to serve an amended complaint, if so advised, is extended until 20 days after entry of the orders hereon. These matters arise out of a bitter inter-family dispute involving building corporations in which most of the parties owned varying interests. It has been simmering since 1952. These actions were begun in January, 1960; complaints were served in November, 1960. By a prior court order, numerous paragraphs of the 75- and 76-paragraph complaints were struck out; plaintiffs were given 20 days to serve amended complaints. After almost four years of delays and extensions of time, plaintiffs moved to examine the defendants pursuant to CPLR 3102 (subd. [c]). The request for such relief comes much too late and is barred by plaintiffs' laches. Moreover, a reading of the entire record discloses that plaintiffs have sufficient information to enable them to frame their amended complaints and to get on with the litigation (see *Zakarias* v. *Radio Patents Corp.*, 20 A D 2d 795). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.