■ JOSHUA R. ZAMIR, Respondent, v HILTON HOTELS CORPORATION, Defendant, and OTIS ELEVATOR COMPANY, Appellant. [758 NYS2d 645] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about June 25, 2002, which, insofar as appealed from as limited by the briefs, denied defendants' cross motions pursuant to CPLR 3116 (a), to strike the purported "corrections" to plaintiff's deposition transcript as untimely, unanimously reversed, on the law, without costs, and defendants' cross motions granted only to the extent of striking the purported "corrections" to plaintiff's deposition transcript as untimely.

It is undisputed that plaintiff's purported "corrections" to his deposition transcript were returned to defendants more than two months past the 60-day time limit set by CPLR 3116 (a).

That subdivision provides: "(a) Signing. The deposition shall be submitted to the witness for examination and shall be read to or by him or her, and any changes in form or substance which the witness desires to make shall be entered at the end of the deposition with a statement of the reasons given by the witness for making them. The deposition shall then be signed by the witness before any officer authorized to administer an oath. If the witness fails to sign and return the deposition within sixty days, it may be used as fully as though signed. No changes to the transcript may be made by the witness more than sixty days after submission to the witness for examination."

As noted by Professor Siegel in his Practice Commentary to the subdivision, the 60-day period, not being a rigid statute of limitations, is presumably extendable pursuant to CPLR 2004 (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3116:1, 2003 Pocket Part). Nevertheless, CPLR 2004, while giving courts discretion to extend nearly all time limits in the CPLR for doing "any act," nevertheless premises such relief upon a showing of good cause.

Here, other than acknowledging receipt of the deposition on December 3, 2001 and stating that "plaintiff did not return the

transcript until April 12, 2002, at which time our office sent it to defense counsel," plaintiff offers no reasons for his proposed substantive changes which, rather than clarifying or correcting obvious or even subtle transcription errors, contradict crucial elements of his deposition testimony concerning the cause of the accident. Nor does he make any showing of good cause to extend his time to return his deposition.

As further noted in the Practice Commentary, "[a]ccording to the Advisory Committee, the statutory purpose of imposing the 60-day restriction in the first place is to enable other parties, including the party who took the deposition, 'to rely upon the deposition as final,' an aim that would be frustrated by '[l]ast-minute changes.'" (*Id.* at 167.) We agree that courts should be circumspect about extending the 60-day period inasmuch as "[a]n indication from the courts that an extension will be allowed without a strong showing of justification will quickly evolve a dilatory attitude that can undermine the purpose of CPLR 3116 (a)'s time limit altogether" (*id.*; *see also* 46 Siegel's Practice Review, *New Laws on Signing and Using Depositions*, at 1 [July 1996]).

In denying defendants' cross motions, the motion court concluded that defendants' remedy is to refer to changes in plaintiff's testimony on cross-examination at trial. However, the shoe should have been put on the other foot. "A dilatory deponent who can't justify a delay in returning the deposition is perhaps best left to confront the discomfort of cross-examination should his live testimony at the trial differ in some significant particular from the unaltered deposition" (Practice Commentaries, *supra* at 167-168).

Accordingly, absent any explanation for plaintiff's two-month delay in returning his purported "corrections" to his deposition transcript, it was an improvident exercise of discretion to deny defendants' cross motions. Concur—Tom, J.P., Andrias, Rosenberger and Williams, JJ.