OPINION OF THE COURT
Dianne T. Renwick, J.
*830 Plaintiff Elsa Rivera commenced this action seeking to recover money damages for personal injuries sustained during a trip and fall upon a defective roadway. Plaintiff sues, inter alia, Trinity Communications Corp., the company that allegedly performed repair work on the subject roadway on behalf of the City of New York. Four months after receiving it, plaintiff forwarded to defendant the transcript of her deposition along with an errata sheet purportedly correcting the part of her testimony regarding the exact street location of her fall. Three years later, defendant Trinity Communications Corp. moves, pursuant to CPLR 3116, for an order striking the purported corrections to plaintiffs deposition as untimely made. The dis-positive issue in this motion is whether plaintiff’s failure to timely comply with CPLR 3116 is obviated by defendant’s inordinate delay in moving to suppress the purported corrections to plaintiffs deposition.
Factual Background
In the summons and complaint, plaintiff alleges that her trip and fall occurred on March 9, 1998 at or near the roadway on East 151st Street and Morris Avenue, in the Bronx. Plaintiff pedestrian was crossing on East 151st Street, near the corner of Morris Avenue, when she tripped and fell on an uneven and broken section of the roadway. At her deposition, however, plaintiff Elsa Rivera testified that the trip and fall occurred when crossing at an entirely different location: on Morris Avenue near the corner of East 151st Street. This deposition testimony was corrected by plaintiff in an “errata sheet” provided on August 9, 2001, four months after defendant had sent plaintiff a copy of the transcribed deposition on April 3, 2001.
In the errata sheet, plaintiff Elsa Rivera states that the trip and fall occurred while crossing on East 151st Street near the corner of Morris Avenue, the same location she claims in her summons and complaint. Plaintiff includes an explanation for the misstatement; it was due to confusion. She fell on the roadway abutting the building where she resides. The property was a corner building with entrances both on East 151st Street and Morris Avenue. At her deposition, she assumed that her fall occurred near the building’s entrance on Morris Avenue. Reportedly, she later realized that the location was near the entrance on East 151st Street.
About three years later, defendant Trinity Communications Corp. submitted the instant motion seeking an order striking *831 the purported corrections to plaintiffs deposition testimony as untimely made pursuant to CPLR 3116. The discrepancy as to the location of the fall is significant because defendant apparently performed work only on East 151st Street, and none on Morris Avenue. In opposition to defendant’s motion, plaintiff argues that striking the errata sheet would be inappropriate since the amendment to the deposition was done within a relatively short delay and supported by a reasonable explanation. Plaintiff, however, offers no explanation for the delay in submitting the errata sheet.
Discussion
A witness may make substantive changes to a deposition transcript. For instance, a witness may want to change a deposition transcript if he or she believes it is an incorrect rendering of the testimony actually given, or, where the transcript is correct, if the witness later recollects the matter differently and wishes to give a different response. (See, Weinstein-Korn-Miller, NY Civ Prac 1i 3116.02.) To make substantive changes to a deposition transcript, the witness merely follows the pertinent statutory procedure. Pursuant to CPLR 3116 (a), after the testimony is transcribed and certified by the officer before whom it was taken, the transcript is submitted to the witness to read and sign it. The witness is then entitled to make “changes in form or substance” at the end of the testimony. (Id.)
Although substantive changes may be made, CPLR 3116 (a) contains two requirements that must be met. First, the statute requires that “any changes in form or substance which the witness desires to make shall be entered at the end of the deposition with a statement of the reasons given by the witness for making them.” (Id.) Courts have refused to allow changes that the deponent has failed to explain sufficiently. (See, e.g., Riley v ISS Inti. Serv. Sys., 284 AD2d 320 [2d Dept 2001] [striking plaintiff’s errata sheet to his deposition transcript where plaintiff provided only an omnibus reason for making late corrections and where the sheet lacked a statement of reasons for making the corrections]; Rodriguez v Jones, 227 AD2d 220 [1st Dept 1996] [Court refused to consider plaintiffs correction sheet to her deposition because the correction sheet lacked a statement of the reasons for making the corrections].) Moreover, as the changes become more substantive, courts have required better and more thorough explanations. (See, e.g., Schachat v Bell Atl. Corp., 282 AD2d 329 [1st Dept 2001]; Marine Trust Co. v Collins, 19 AD2d 857 [4th Dept 1963].)
*832 Secondly, CPLR 3116 (a) provides for a 60-day period for making corrections to a deposition. It states that
“[i]f the witness [whether or not a party to the action] fails to sign and return the deposition within sixty days [after it has been submitted for signing], it may be used [at trial] as fully as though signed. No changes to the transcript may be made by the witness more than sixty days after submission to the witness for examination.” (Id.)
Courts, however, have interpreted the 60-day period as not being a rigid statute of limitations; it is presumably extended pursuant to CPLR 2004. (See e.g., Binh v Bagland USA, 286 AD2d 613, 614 [1st Dept 2001] [court held that the trial court “properly exercised its discretion in forgiving” plaintiff for a three-month delay in furnishing the errata sheet correcting deposition testimony]; Rodriguez v OD&P Constr., 194 Misc 2d 284 [Sup Ct, Bronx County 2002] [trial court permitted plaintiff to rely upon an amended deposition in opposition to a motion for summary judgment, despite a 47-day delay in furnishing errata sheet].)
Nevertheless, while giving courts discretion to extend the 60-day period, CPLR 2004 premises such relief upon a showing of good cause. (See e.g., Zamir v Hilton Hotels Corp., 304 AD2d 493 [1st Dept 2003]; Sheikh v Sinha, 272 AD2d 465 [2d Dept 2000].) For instance, in Zamir v Hilton Hotels Corp. (304 AD2d 493 [1st Dept 2003]), the Appellate Division reversed the trial court which had allowed the late exchange. The Court held that the trial court erred in determining that the defendant’s relief for the late exchange was to refer to the changes in the plaintiffs testimony on cross-examination. (Id. at 494.) Rather, the Court found that a “dilatory deponent who can’t justify a delay in returning the deposition is . . . best left to confront the discomfort of cross-examination should his live testimony at the trial differ in some significant particular from the unaltered deposition.” (Id.)
Here, the errata sheet signed by plaintiff sufficiently provides an explanation for the correction. Contrary to defendant’s allegations, the explanation given by plaintiff for the change of testimony about the exact location of her fall does not defy credulity. As noted above, the fact remains that the accident occurred near the building where plaintiff resided, which was located on the corner of East 151st Street and Morris Avenue. Since such corner building has two entrances, one on the 151st Street side and another on the Morris Avenue side, it is quite *833 possible that plaintiff confused the exact location of the fall. Thus, this court finds that the explanation satisfies CPLR 3116 (a). (Cf. Binh v Bagland USA, 286 AD2d 613, 614 [1st Dept 2001] [permitting plaintiff’s submission of errata sheet three months after his deposition but seven months before defendant’s summary judgment motion and noting that “the conflict between the original deposition testimony and the errata sheet raised an issue of credibility inappropriate for summary judgment treatment”].)
Plaintiff, however, has failed to comply with the 60-day requirement. The errata sheet of the amended deposition was not submitted within 60 days after it was submitted to plaintiff for signing. While she acknowledged receiving the transcript on April 3, 2001, she did not return it until about 120 days later. It was, therefore, 60 days past the statutory period. Nor has plaintiff proffered any excuse for the delay in furnishing the errata sheet. Ordinarily, failure to proffer any good cause for the delay in submitting an errata purporting to amend a deposition prevents a court from exercising its discretion to extend the 60-day period. (See e.g., Zamir v Hilton Hotels Corp., 304 AD2d 493 [1st Dept 2003].)
This court, however, must decide whether defendant waived suppression of the belated errata sheet purporting to amend the deposition. There is neither statutory nor case law impeding this court from applying a due diligence requirement to this type of motion. To be sure, the explicit language of CPLR 3116 (a) provides no guidance as to whether defendant must exercise due diligence in moving to suppress the errata sheet. Nevertheless, whether expressly stated or not, the doctrine of laches has been frequently applied by the courts to prevent undue delay in making many kinds of discovery-related motions. (Coleman v Green, 26 AD2d 630 [2d Dept 1966]; see e.g., Sexier v Kimmelman, Sexier, Warmflash & Leitner, 277 AD2d 186 [1st Dept 2000] [motion to compel discovery denied where service of the notice for discovery and inspection took place more than five months after the date set by the court for the service of such notice]; PPXEnters, v MCA Inc., 273 AD2d 106 [1st Dept 2000] [defendant was not entitled to further discovery after more than three years of inactivity on its part]; Cosenza v Malvin, 158 AD2d 653 [2d Dept 1990] [defendant waived the right to take the deposition of the plaintiffs witness where the defendant twice refused the plaintiffs offer of deposition].) Moreover, while CPLR 3116 (a) regulates the signing and amending of dep *834 ositions within the prescribed 60-day period, that rule does not abrogate the court’s discretion to regulate the discovery process pursuant to CPLR 3103.
Nor does this court find that applying a due diligence requirement for making a motion pursuant to CPLR 3116 (a) (to suppress a belated errata sheet) is inconsistent with the policy behind the statute. As noted by Professor Siegel in his Practice Commentary to the subdivision, “ [according to the Advisory Committee, the statutory purpose of imposing the 60-day restriction in the first place is to enable other parties, including the party who took the deposition, ‘to rely upon the deposition as final,’ an aim that would be frustrated by ‘[l]ast-minute changes.’ ” (Zamir v Hilton Hotels Corp., 304 AD2d 493, 494 [1st Dept 2003], quoting Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3116:l, 2003 Pocket Part, at 167.) Imposing a due diligence requirement to a motion to suppress a belated errata sheet would not undermine this policy. It would not obviate the requirements of CPLR 3116 since a party would still have to provide a justification for any amended deposition and a good excuse for any delay in its submission beyond the statutory period. Rather, the due diligence requirement simply puts the onus on an opposing party to act promptly if it has any objection about the purported changes in the deposition. Otherwise, an opposing party would put itself at risk of waiving suppression for failure to present its objection within a reasonable time. Indeed, further support for such requirement is found in CPLR 3116 (e), which imposes such burden upon a party who wishes to suppress a deposition based upon “[e]rrors and irregularities of the officer or the person transcribing the deposition.”
Ultimately, in this case, consideration of fairness dictates that this court should not turn a blind eye to defendant’s dilatory tactics. This court sees no valid reason, nor has one been offered, for defendant having waited three years to move to suppress the belated errata sheet purporting to amend plaintiffs deposition. Allowing such a motion to suppress, where three years have passed and the case is on the trial calendar, would run the risk of significantly prejudicing plaintiff who has relied on the reasonable belief that defendant had no qualms about the belated errata sheet. Had plaintiff initially been placed on notice that such delay in submitting the errata sheet was an issue for defendant, plaintiff would have been in a better position to address it at the time. Under the circumstances, this court *835 cannot countenance defendant’s attempt to benefit from its own delay, by waiting three years to move to suppress, to the detriment of plaintiff.
Conclusion
In sum, plaintiff has shown a satisfactory explanation for the errata sheet purporting to amend her deposition testimony. Plaintiff, however, has failed to proffer any reason for her failure to submit the changes within the 60-day period prescribed by CPLR 3116 (a). Nonetheless, this court finds that defendant waived any objection to the belated submission of the errata sheet by waiting three years to move to suppress it. Accordingly, defendant’s motion, seeking an order to suppress the errata sheet purporting to amend plaintiffs deposition, is denied.