■ MATAPOS TECHNOLOGY LIMITED, Respondent, v COMPANIA ANDINA DE COMERCIO LTDA, Also Known as COMPANEX, Appellant. [891 NYS2d 394]—

Plaintiff demonstrated it was a holder of the subject notes, and had a capacity to sue thereunder. Defendant failed to demonstrate a genuine defense to the notes. The notes were made payable to a Delaware corporation that later merged with another Delaware corporation, which in turn assigned to plaintiff its rights to the notes. The surviving corporation had the power to make that assignment (*see* Business Corporation Law § 906 [b]; Del Code Ann, tit 8, § 259 [a]).

In its reply, plaintiff submitted a supplemental affidavit containing endorsements to the notes, which had inadvertently been omitted on the initial moving papers. The court properly considered this submission because defendant had made an issue of the omission in response to the motion (*see Matter of Kennelly v Mobius Realty Holdings LLC*, 33 AD3d 380, 382 [2006]; *Ryan Mgt. Corp. v Cataffo*, 262 AD2d 628, 630 [1999]).

There were no triable issues of fact precluding the grant of summary judgment. Even if there had been an issue as to whether defendant was given notice of the assignment of the notes, the controlling credit agreement provided that no failure

by the lender to deliver a notice of assignment would affect defendant's obligations. Accordingly, any purported issue of fact regarding notice of the assignment is inconsequential. Nor is an indispensable party to the action absent.

Defendant has not preserved its argument that the foreign affidavits were invalid for lack of the certification required by CPLR 2309 (c) and Real Property Law § 299-a. In any event, the courts are not rigid about this requirement. As long as the oath is duly given, authentication of the oathgiver's authority can be secured later, and given nunc pro tunc effect if necessary (*see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2309:3). The absence of such a certificate is a mere irregularity, and not a fatal defect (*see Smith v Allstate Ins. Co.*, 38 AD3d 522 [2007]). Concur—Andrias, J.P., Friedman, Acosta, DeGrasse and Román, JJ.