JAWAUN CRAIG HALL, Appellant, v ELRAC, INC., Doing Business as ENTERPRISE RENT A CAR, Respondent, et al., Defendants. [913 NYS2d 37]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about October 9, 2009, which denied plaintiff's motion to strike defendant Elrac's answer, or alternatively, to order that a "spoliation inference charge" be given or to preclude defendant Elrac from defending against the allegation of negligence, unanimously affirmed, without costs.

We find that the IAS court properly considered the affidavit of defendant Elrac's senior account manager in the damage unit in concluding that defendant's disposal of the vehicle in question was not done in bad faith. Initially, plaintiff's claim that the affidavit was not in admissible form because it was signed outside New York State but notarized by a New York notary, without providing a certificate of conformity as required by CPLR 2309 (c) and Real Property Law § 299-a is unpreserved (*see Matapos Tech. Ltd. v Compania Andina de Comercio Ltda*, 68 AD3d 672, 673 [2009]; *P.T. Bank Cent. Asia v Chinese Am.*

*Bank*, 229 AD2d 224, 229 [1997]). In any event, as long as the oath is duly given, authentication of the oath giver's authority can be secured later, and given nunc pro tunc effect if necessary (*Matapos Tech. Ltd.*, 68 AD3d at 673).

The affidavit was based on the affiant's personal knowledge and his review of the documents, including wholesale purchase order/bill of sale and the check received by defendant in payment for the wrecked vehicle, sold as salvage, which established the date of transfer. This is not a summary judgment motion, where the movant's evidence must be in admissible form, and even a summary judgment motion affords some flexibility to the party opposing the motion (*see Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 [1979]).

Absent proof that the destruction of the vehicle was willful, contumacious or in bad faith, the court properly declined to impose the drastic sanction of striking defendant's answer and, instead, deferred the issue of the appropriate sanction for spoliation of evidence to trial (*see Christian v City of New York*, 269 AD2d 135, 137 [2000]). Concur—Tom, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ.