■ MARYANN MIGNOLI, Individually and as Administratrix of the Estate of ANTHONY MIGNOLI, Deceased, et al., Appellants, v SAMWEL OYUGI, M.D., et al., Respondents. [918 NYS2d 86]—

To sustain a cause of action for medical malpractice, a plaintiff must prove a deviation or departure from accepted practice and that such departure was a proximate cause of plaintiff's injury (*Frye v Montefiore Med. Ctr.*, 70 AD3d 15, 24 [2009]). Here, defendants established their entitlement to judgment as a matter of law by submitting evidence, including the decedent's hospital records, the deposition testimony and the affirmations of various medical experts, including a board certified medical oncologist with a thoracic speciality and a thoracic surgeon, demonstrating that they did not deviate from good and accepted medical practice in their diagnosis and treatment of the decedent.

In opposition, plaintiffs failed to raise a triable issue of fact. The expert affirmation relied upon by plaintiffs was insufficient, inasmuch as it failed to address the detailed affirmations of defendants' experts, averred the alleged departures from the standard of care and proximate cause only in conclusory terms, and was at times contradicted by the record (*see Browder v New York City Health & Hosps. Corp.*, 37 AD3d 375 [2007]). Furthermore, even assuming that there was a delay in diagnosing the decedent's lung cancer, defendants established that such delay was not a proximate cause of injury since the decedent's cancer had already progressed to stage IV cancer with metastasis to the brain by the time he first presented to defendant Staten Island University Hospital in June 2003. Concur—Mazzarelli, J.P., Acosta, DeGrasse, Richter and Manzanet-Daniels, JJ.