■ INDEMNITY INSURANCE CORPORATION, RISK RETENTION GROUP, Appellant, v A 1 ENTERTAINMENT LLC, Respondent. [967 NYS2d 364]—

Order, Supreme Court, New York County (George J. Silver, J.), entered June 22, 2012, which denied plaintiff's motion pur-

suant to CPLR 3215 for a default judgment rescinding the Liquor Liability Coverage Part of the policy plaintiff issued to defendant and declaring that no coverage is available under the policy for two underlying actions, unanimously reversed, on the law, without costs, and the motion granted, and it is so declared. The Clerk is directed to enter judgment accordingly.

In support of its motion, plaintiff insurer submitted the affidavit of its vice-president of claims, who stated that plaintiff issued its policy to defendant in reliance on the representations made in the application submitted by defendant, that the application contained material misrepresentations (i.e., that defendant's nightclub was not open to patrons after 4:00 a.m.), and that its actions in allowing the premises to be open after 4:00 a.m. led to claims that defendant submitted for coverage under the policy. The affidavit was sworn to before a notary in Maryland, but lacked the authenticating certificate required by CPLR 2309 (c). However, "courts are not rigid about this requirement. As long as the oath is duly given, authentication of the oathgiver's authority can be secured later, and given nunc pro tunc effect if necessary" (*Matapos Tech. Ltd. v Compania Andina de Comercio Ltda*, 68 AD3d 672, 673 [1st Dept 2009]; *see also Hall v Elrac, Inc.*, 79 AD3d 427 [1st Dept 2010]). Moreover, it is undisputed that following the denial of its motion, plaintiff submitted to the motion court a certification from the Maryland Secretary of State verifying and authenticating the qualification of the Maryland notary public who notarized the affidavit. Concur—Tom, J.P., Acosta, Saxe and Freedman, JJ.