■ JORGE DASILVA, Appellant, v KS REALTY, L.P., et al., Respondents, et al., Defendant. [20 NYS3d 12]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered May 20, 2014, which granted the motion of defendants KS Realty, L.P., and Steven Klein for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff alleges that he fell in his apartment because of the sloping condition of the hallway floor, which caused his desk chair to roll. Defendants made a prima facie showing that the slope of the apartment floor was a trivial defect, not a trap or dangerous condition (*see Leon v Alcor Assoc., L.P.*, 96 AD3d 635, 635 [1st Dept 2012]; *Marcus v Namdor, Inc.*, 46 AD3d 373, 374 [1st Dept 2007]). Defendants submitted photographs showing the floor to be in good condition, and an expert affidavit of an engineer who opined that the 4% slope in the area where plaintiff allegedly fell was not a dangerous condition and was not a proximate cause of the accident (*see Leon*, 96 AD3d at 635). Defendants' failure to provide the certificate required by CPLR 2309 (c) with the expert's report was a "mere irregularity," which the court properly excused, especially since defendants provided a corrected copy (*Matapos Tech. Ltd. v Compania Andina de Comercio Ltda*, 68 AD3d 672, 673 [1st Dept 2009]).

In opposition, plaintiff failed to raise an issue of fact. While his expert engineer opined that the overall condition of the

floor, which sloped as much as 5% in some areas, was dangerous, the engineer did not address how the slope was a proximate cause of plaintiff's fall from his chair (*see Stylianou v Ansonia Condominium*, 49 AD3d 399, 399 [1st Dept 2008]). Although plaintiff need not identify precisely what caused him to fall, "mere speculation about causation is inadequate to sustain [a] cause of action" (*Acunia v New York City Dept. of Educ.*, 68 AD3d 631, 631-632 [1st Dept 2009]). Concur—Tom, J.P., Friedman, Andrias, Gische and Kapnick, JJ.