■ JORGE DaSILVA, Appellant, v KS REALTY, L.P., et al., Respondents, et al., Defendant. [30 NYS3d 85]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered May 20, 2014, which granted the motion of defendants KS Realty, L.P., and Steven Klein for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff alleges that he fell in his apartment because of the sloping condition of the hallway floor, which caused his desk chair to roll. Defendants made a prima facie showing that the slope of the apartment floor was a trivial defect, not a trap or dangerous condition (see Leon v Alcor Assoc., L.P., 96 AD3d 635, 635 [1st Dept 2012]; Marcus v Namdor, Inc., 46 AD3d 373, 374 [1st Dept 2007]). Defendants submitted photographs showing the floor to be in good condition, and also submitted evidence that plaintiff lived in his apartment for 16 years at the time of the accident, and thus was familiar with the condition of the hallway where the incident occurred. Moreover, the sloping condition of the floor in the hallway did not prevent plaintiff from using the space for his desk and chair without incident for approximately one year prior to the incident. Defendants also submitted an expert affidavit of an engineer who opined that the 4% slope in the area where plaintiff allegedly

fell was not, in his opinion, a substantial factor or a proximate cause of the accident (*see Leon*, 96 AD3d at 635), and did not violate any code or standard. Defendants' failure to provide the certificate required by CPLR 2309 (c) with the expert's report was a "mere irregularity," which the court properly excused, especially since defendants provided a corrected copy (*Matapos Tech. Ltd. v Compania Andina de Comercio Ltda*, 68 AD3d 672, 673 [1st Dept 2009]).

In opposition, plaintiff failed to raise an issue of fact. While his expert engineer opined that the overall condition of the floor, which sloped as much as 5% in some areas, was dangerous, the engineer did not address how the slope was a proximate cause of plaintiff's fall from his chair (*see Stylianou v Ansonia Condominium*, 49 AD3d 399, 399 [1st Dept 2008]). Although plaintiff need not identify precisely what caused him to fall, "mere speculation about causation is inadequate to sustain [a] cause of action" (*Acunia v New York City Dept. of Educ.*, 68 AD3d 631, 631-632 [1st Dept 2009]). Concur—Tom, J.P., Friedman, Andrias, Gische and Kapnick, JJ.

---

The decision and order of this Court entered November 5, 2015 (133 AD3d 433 [2015]) herein on is hereby recalled and vacated (*see* 2016 NY Slip Op 71749[U] [2016] [decided simultaneously herewith]).