■ BANK OF NEW YORK, as Trustee for EQUITY ONE INC. MORTGAGE/PASS THROUGH CERTIFICATE SERIES #2006-D, Respondent, v RAM SINGH, Appellant, et al., Defendants. [33 NYS3d 1]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered January 9, 2015, which granted plaintiff's motion for a judgment of foreclosure and sale, and denied defendant Ram Singh's cross motion to vacate a judgment of foreclosure and to dismiss the action or permit him to answer the complaint, unanimously modified, on the law, to direct plaintiff to provide a corrected affidavit of merit with certificate of conformity in accordance with CPLR 2309 (c), and otherwise affirmed, without costs.

Singh is not entitled to vacate the judgment of foreclosure and sale, because he has not established a reasonable excuse for his failure to appear, or a meritorious defense (*Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]). The affidavit of the process server established, prima facie, that Singh was properly served (*Grinshpun v Borokhovich*, 100 AD3d 551, 552 [1st Dept 2012], *lv denied* 21 NY3d 857 [2013]). The conclusory denials of receipt of service of both Singh and his son were insufficient to rebut the presumption that Singh was served. Also, Singh's general assertion that he was unaware of this action is belied by the record, which supports a finding that the proposed judgment of foreclosure was mailed to his home via first class mail almost four years before he moved to vacate the default.

While Singh suffered from serious health issues, and was hospitalized, during some of the time that this action was pending, it is noted that Singh first defaulted under the note and received a notice of default several months before his health issues began, and his medical records plainly provide that his son was assisting him with his real estate business. Moreover, Singh provides no sworn statement that his health issues prevented him from understanding that the mortgaged premises was the subject of a foreclosure proceeding.

Plaintiff has standing to foreclose because it established

through the affidavit of its vice president that it was the holder of the note and mortgage when this action was commenced (*Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]). However, because that affidavit, which was executed in New Jersey, did not include a certificate of conformity in accordance with CPLR 2309 (c), plaintiff is directed to correct the defect nunc pro tunc by providing a new conforming affidavit (*Midfirst Bank v Agho*, 121 AD3d 343, 351 [2d Dept 2014]; *accord DaSilva v KS Realty, L.P.*, 133 AD3d 433 [1st Dept 2015]; *Diggs v Karen Manor Assoc., LLC*, 117 AD3d 401, 402-403 [1st Dept 2014]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Andrias, Manzanet-Daniels and Webber, JJ.