■ JANELLE M., an Infant, by Her Mother and Natural Guardian, BRENDA M., Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (LINCOLN HOSPITAL), Respondent. [48 NYS3d 590]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered March 16, 2015, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 16, 2015, which, in effect, granted plaintiff's motion for reargument and, upon reargument, adhered to the prior determination, unanimously dismissed, without costs, as academic.

In opposition to defendant's prima facie showing that it did not deviate from good and accepted medical practice in its diagnosis and treatment of the infant plaintiff's mother, plaintiff failed to raise a triable issue of fact. Her expert affirmation opining that the failure to order and perform a cervical cerclage at the start of the mother's prenatal care was a departure from the applicable standard of care included significant factual errors misconstruing the record, failed to address the detailed affirmation by defendant's expert explaining why the mother was not a candidate for cerclage, and made conclusory and speculative assertions (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542 [2002]; *Mignoli v Oyugi*, 82 AD3d 443 [1st Dept 2011]). Further, defendant established that the mother's pre-term delivery was most likely caused by pre-term labor brought on by an infection, rather than an incompetent cervix, and therefore that any alleged failure to perform a cerclage was not the proximate cause of plaintiff's injuries.

We have considered plaintiff's remaining arguments and

find them unavailing. Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Kahn, JJ.