Forman v Whitney Ctr. for Permanent Cosmetics Corp (2019 NY Slip Op 03451)





Forman v Whitney Ctr. for Permanent Cosmetics Corp


2019 NY Slip Op 03451


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Acosta, P.J., Friedman, Manzanet-Daniels, Gesmer, Singh, JJ.


155762/15 9210 9209

[*1]Susan Forman, Plaintiff-Appellant,
v
The Whitney Center for Permanent Cosmetics Corp, et al., Defendants-Respondents.


Antin, Ehrlich & Epstein, LLP, New York (Melissa Kobernitski of counsel), for appellant.
Steinberg & Cavaliere, LLP, White Plains (Robert P. Pagano of counsel), for respondents.



Judgment, Supreme Court, New York County (Lynn R. Kotler, J.), entered April 17, 2018, and bringing up for review an order, same court and Justice, entered on or about March 30, 2018, which granted defendants' motion for summary judgment, unanimously affirmed, without costs. Appeal from aforementioned order, unanimously dismissed, as subsumed in the appeal from the judgment, without costs.
Defendants' motion for summary judgment was properly granted (see generally Zuckerman v New York, 49 NY2d 557, 562 [1980]). Defendants established that plaintiff, who had been getting cosmetic eyebrow tattoos periodically for over twenty years, signed a consent form indicating that she understood the risks involved in getting eyebrow tattoos and that she was responsible for the placement and shape of her eyebrows. Prior to performing any pigmentation work, the eyebrows were drawn on and plaintiff explicitly approved of the proposed shape and location on her forehead. Defendants then tattooed plaintiff where she had approved. In opposition, plaintiff failed to raise a triable issue of fact concerning defendants' alleged negligence.
Even assuming that plaintiff preserved her argument that defendant Melany Whitney's affidavit was invalid for lack of certification, as required by CPLR 2309(c), the trial court properly considered the affidavit. Courts are not rigid with this certification requirement. Provided that the oath was duly given (which it was here), authentication of the oathgiver's authority may be secured later and given nunc pro tunc effect (Matapos Tech. Ltd v Compania Andina de Comercio Ltda, 68 AD3d 672, 673 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK