Ruchames v New York & Presbyt. Hosp. (2019 NY Slip Op 07718)





Ruchames v New York & Presbyt. Hosp.


2019 NY Slip Op 07718


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Richter, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10204 805026/15

[*1] Barbara Ruchames, Plaintiff-Appellant,
v
The New York and Presbyterian Hospital, et al., Defendants-Respondents, Empire State Orthopaedics, PLLC, et al., Defendants.


Sim & Record, LLP, Bayside (Sang J. Sim of counsel), for appellant.
McAloon & Friedman, P.C., New York (Roya Namvar of counsel), for respondents.



Judgment, Supreme Court, New York County (George J. Silver, J.), entered August 2, 2018, dismissing the complaint as against defendants The New York and Presbyterian Hospital (NYPH), Sharyn N. Lewin, M.D., and Nicholas J. Morrissey, M.D., pursuant to an order, same court and Justice, entered on or about July 5, 2018, which granted said defendants' motion for summary judgment, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendants made a prima facie case of entitlement to summary judgment by submitting, inter alia, plaintiff's medical records, the deposition testimony of the parties, and expert affirmations of a board certified orthopedic surgeon and licensed physician board certified in internal medicine and infectious diseases. Such evidence demonstrated that defendants did not depart from accepted medical practice or that any alleged departure was not a proximate cause of plaintiff's injuries (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]
Contrary to defendants' contention, the sworn affidavit of plaintiff's expert submitted in opposition to the summary judgment motion was admissible even though it lacked a certificate of conformity as required by CPLR 2309 (see Matapos Tech. Ltd. v Compania Andina de Comercio Ltda, 68 AD3d 672, 673 [1st Dept 2009]; Bey v Neuman, 100 AD3d 581, 582 [2d Dept 2012]). Nevertheless, plaintiff's evidence was insufficient to raise a triable issue of fact as to whether NYPH and Dr. Lewin departed from accepted practice by failing to refer her to an orthopedic surgeon once active infection in port was confirmed, and but for this departure, she might not have required multiple surgeries.
The affidavit of plaintiff's expert - an out-of-state orthopedic surgeon - not only improperly raised, for the first time, a new theory of liability that had not been set forth in the complaint or bills of particulars (see Abalola v Flower Hosp., 44 AD3d 522 [1st Dept 2007]), but was speculative, and contradicted by the record (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; Bartolacci-Meir v Sassoon, 149 AD3d 567, 572 [1st Dept 2017]; Mignoli v Oyugi, 82 AD3d 443, 444 [1st Dept 2011]). The expert ignored the fact that plaintiff [*2]was examined by two orthopedic surgeons in the months following her port infection, yet no hip infection was detected until approximately eight months after the port infection was diagnosed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK