Wager v Rao (2019 NY Slip Op 08628)





Wager v Rao


2019 NY Slip Op 08628


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Friedman, J.P., Oing, Singh, Moulton, JJ.


10462 21072/12

[*1] Nina Wager, as Executrix of the Estate of Sally Cordaro, Deceased, etc., et al., Plaintiffs-Respondents,
v
Narasinga Rao, M.D., Defendant, Michael Swirsky, M.D., et al., Defendants-Appellants.


Voute, Lohrfink, Magro & McAndrew, LLP, White Plains (John R. Braunstein of counsel), for Michael Swirsky, M.D., appellant.
Garbarini & Scher, P.C., New York (William D. Buckley of counsel), for St. Barnabas Hospital, appellant.
The Jacob Fuchsberg Law Firm, New York (Aaron S. Halpern of counsel), for respondents.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered March 7, 2018, which, insofar as appealed from, denied the motions of defendants Michael Swirsky, M.D. and St. Barnabas Hospital for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiffs claim that defendants departed from the standard of care by failing to timely diagnose the decedent's lung cancer and that, as a result, the cancer progressed to a more advanced and less treatable stage and the decedent died.
The motion court improvidently exercised its discretion in denying defendants' summary judgment motions as "incomplete." Nonetheless, the motions must be denied on the merits.
Defendants' expert opined that proximate cause was lacking because the decedent's cancer had already metastasized by the time she presented to defendants for treatment and, as such, her outcome would not have been different if she had been diagnosed at that time. This was sufficient to prima facie establish entitlement to judgment as a matter of law (see Mignoli v Oyugi, 82 AD3d 443 [1st Dept 2011]; see also Vargas v St. Barnabas Hosp., 168 AD3d 596 [1st Dept 2019]).
In opposition, plaintiffs raised a triable issue of fact. Plaintiffs' expert opined that, as a result of the allegedly negligent delay in diagnosis, the decedent's cancer progressed from the very treatable stage I to the terminal stage IV. These competing opinions on the progression of the disease created an issue of fact for a jury to decide (see Polanco v Reed, 105 AD3d 438, 441 [1st Dept 2013]). Although there is no direct evidence regarding the stage of the decedent's cancer when she presented to defendants, and it is thus not possible for either expert to really know what the status of the decedent's condition was at that time, both experts based their opinions on their own knowledge of the rate of progression of this particular type of cancer. Plaintiffs' expert's explanation of the basis of this knowledge was sufficient to create an issue of fact.
Contrary to defendants' claim, plaintiffs' expert affidavit may properly be considered. Although the affidavit as initially submitted was not notarized and did not qualify as an affirmation under CPLR 2106, plaintiffs corrected this defect by submitting a notarized version of the affidavit prior to oral argument (see Stewart v Goldstein, 175 AD3d 1214 [1st Dept [*2]2019]). Defendants argue that the corrected affidavit is also not in proper form because it was signed outside New York State but notarized by a New York notary, without providing a certificate of conformity as required by CPLR 2309(c). However, the absence of a certificate of conformity "is a mere irregularity, and not a fatal defect" and "[a]s long as the oath is duly given, authentication of the oathgiver's authority can be secured later, and given nunc pro tunc effect if necessary" (Matapos Tech. Ltd. v Compania Andina de Comercio Ltda, 68 AD3d 672, 673 [1st Dept 2009]; Hall v Elrac, Inc., 79 AD3d 427, 427-428 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK