Parra v Cardenas (2020 NY Slip Op 02881)





Parra v Cardenas


2020 NY Slip Op 02881


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Friedman, J.P., Gische, Kapnick, González, JJ.


11518 24965/17E

[*1] Jorge Parra, Plaintiff-Appellant,
v
Juan Jose Cardenas, Defendant-Respondent.


Oresky & Associates, PLLC, Bronx (Payne Tatich of counsel), for appellant.
Gallo Vitucci & Klar LLP, New York (Yolanda L. Ayala of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered June 20, 2019, which denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff was working on the roof above the residential garage of defendant, who was his friend, when weakened plywood collapsed under him, causing him to partially fall through the roof before catching himself with his arms. Plaintiff claims that defendant had directed him to go onto the roof to assist the roofing contractors with the demolition work. Defendant claims that he paid plaintiff only to clean up debris at ground level and that he had directed plaintiff not to go onto the roof but that plaintiff ignored his instructions.
Plaintiff was engaged in activity that placed him within the special class protected by Labor Law § 240(1). Regardless of whether defendant hired him to perform clean-up work only or to assist with the demolition work, he was employed as part of a "larger construction project" and a member of "a team that undertook an enumerated activity" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 881-882 [2003]; see also Hill v Acies Group, LLC, 122 AD3d 428 [1st Dept 2014]; Aguilar v Henry Mar. Serv., Inc., 12 AD3d 542, 544 [2d Dept 2004]). That plaintiff was hired not by the roofing contractor but by defendant does not bar him from recovery (see Campisi v Epos Contr. Corp., 299 AD2d 4, 7 [1st Dept 2002] [inspector hired by City was within class of persons protected by section 240(1) because he "performed work that was part of' the construction project"]; Longo v Metro-North Commuter R.R., 275 AD2d 238, 239 [1st Dept 2000] [plaintiff, assigned by defendant, his employer, to act as "conductor with flagging duties" was entitled to recover for injuries sustained during rebuilding of railroad station platform]).
Defendant's failure to plead as an affirmative defense the "one and two-family dwelling[]" homeowner exemption (Labor Law § 240[1]) is not fatal to his assertion of the defense, as plaintiff was not surprised by the defense and had an opportunity to oppose it (see Bautista v Archdiocese of N.Y., 164 AD3d 450 [1st Dept 2018]).
However, defendant's deposition errata sheet should have been rejected as untimely (see CPLR 3116[a]). Although plaintiff submitted the transcript to defendant for examination on September 11, 2018, defendant did not return the errata sheet to plaintiff within 60 days, as required, but rather submitted it on April 25, 2019, more than 7 months later, and more than 8 months after the deposition, in opposition to plaintiff's motion, without demonstrating good cause for the delay (see Zamir v Hilton Hotels Corp., 304 AD2d 493 [1st Dept 2003]). Nothing barred defendant from submitting his affidavit, which contains the same assertions as are contained in the errata sheet. To the extent plaintiff argues that the affidavit is defective due to lack of a certification of conformity (see CPLR 2309[c]), we direct defendant to correct the defect nunc pro tunc by providing a new conforming affidavit (see Bank of N.Y. v Singh, 139 AD3d 486, 487 [1st Dept 2016]).
However, a triable issue of fact exists as to whether defendant is entitled to the homeowner exemption. The record does not permit us to determine whether the building was a [*2]two- or three-family dwelling at the time of the accident. While plaintiff claims that defendant testified that he had tenants in his upstairs apartment and the basement at the time of the accident, he submitted an incomplete transcript of defendant's testimony related to the nature of the occupancy of the basement. Similarly, while defendant claims that his affidavit was submitted not to contradict his testimony but to clarify that the basement tenant was a family friend who did not pay rent and had moved out before the date of the accident, he failed to submit the page of the transcript that would support this claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK