Alonzo v 215 Audubon Ave. Hous. Dev. Fund (2020 NY Slip Op 06378)





Alonzo v 215 Audubon Ave. Hous. Dev. Fund


2020 NY Slip Op 06378


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Friedman, J.P., Renwick, Oing, Mendez, JJ. 


Index No. 155259/16 Appeal No. 12319 Case No. 2020-02071 

[*1]Awilka Alonzo, Plaintiff-Appellant,
v
215 Audubon Avenue Housing Development Fund, Defendant-Respondent.


Rubenstein & Rynecki, Brooklyn (Harper A. Smith of counsel), for appellant.
Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered November 8, 2019, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence showing that the condition upon which plaintiff tripped and fell was a trivial defect and thus not actionable as a matter of law. Plaintiff testified that she lived at the premises for about five years before the accident, and therefore was familiar with the building's entranceway, and a photograph, which she authenticated as fairly and accurately depicting the subject metal door saddle as it appeared when she fell, shows that it was not hidden or covered and did not constitute a trap or snare (see DaSilva v KS Realty, L.P., 138 AD3d 619 [1st Dept 2016]).
Defendant's expert, a licensed architect, also opined that the door saddle was free of defect in design, installation or maintenance and did not pose a tripping hazard. He noted that the gap between the ceramic tile floor and its underside varied between one-quarter and half an inch across the entire walking path, which was below the maximum allowable heights of the Americans with Disabilities Act (ADA) and the buildings codes (see Wright v Frawley Plaza Houses, Inc., 107 AD3d 449 [1st Dept 2013]; Etheridge v Marion A. Daniels & Sons, Inc., 96 AD3d 436, 437 [1st Dept 2012]).
In opposition, plaintiff failed to raise a triable issue of fact. Neither plaintiff nor her expert measured the gap, and plaintiff did not submit any evidence showing how the height differential between the ceramic tile floor and the underside of the metal door saddle could have been a snare or trap when she fell (see Forrester v Riverbay Corp., 135 AD3d 448 [1st Dept 2016]). Although she testified that the door saddle was loose, she did not explain how this defect caused her to trip and fall, but only states that she fell after her left foot bumped into it. She never testified that her foot slipped or became caught in the gap between the ceramic tile floor and the underside of the door saddle.
Plaintiff's expert fails to raise a triable issue of fact as to whether the door saddle was in a defective condition when she fell, because he never inspected the building's entranceway or the door (see Zvinys v Richfield Inv. Co., 25 AD3d 358, 359-360 [1st Dept 2006], lv denied 7 NY3d 706 [2006]). Furthermore, plaintiff's expert improperly raised new theories of liability for the first time in opposition to defendant's motion that the door saddle was not in compliance with the building code and the ADA, and the
American Society for Testing Materials and the American National Standard Institute (see Ceron v Yeshiva Univ., 126 AD3d 630, 632-633 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020