Moore-Reason v Manhattan Coll. (2025 NY Slip Op 00403)

Moore-Reason v Manhattan Coll.

2025 NY Slip Op 00403

Decided on January 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 28, 2025

Before: Webber, J.P., Friedman, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 25403/20 Appeal No. 3572 Case No. 2024-00253 

[*1]Kresheena Moore-Reason, Plaintiff-Respondent,
v
Manhattan College, Defendant-Appellant, Rennon Construction Corp. Also Known as Rennon Scaffold Construction, et al., Defendants. [And a Third-Party Action]

Barry McTiernan & Moore LLC, New York (Allison A. Snyder of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, New York (Russell T. McHugh of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered October 6, 2023, which, to the extent appealed from as limited by the briefs, denied defendant college's motion insofar as it sought to strike plaintiff's errata sheet, unanimously reversed, without costs, and the motion to strike the errata sheet granted.
Supreme Court providently declined to strike the errata sheet as untimely (see CPLR 2004; 3116[a]; Orenstein v 301 E. 78 St. Owners Corp., 231 AD3d 626, 627 [1st Dept 2024]). Plaintiff made "a strong showing of justification" for the 16-day delay in meeting the statutory deadline to serve an executed copy of her deposition with errata, averring that the delay was attributable to the sudden death of her cousin and the time she spent making funeral arrangements and consoling family members (Zamir v Hilton Hotels Corp., 304 AD2d 493, 494 [1st Dept 2003] [internal quotation marks omitted]; see Binh v Bagland USA, 286 AD2d 613, 614 [1st Dept 2001]).
However, plaintiff's explanations for her changes were inadequate in the face of defendant's motion to strike (cf. Mojica v Church of the Immaculate Conception, 219 AD3d 1252, 1253 [1st Dept 2023]; Cillo v Resjefal Corp., 295 AD2d 257, 257 [1st Dept 2002]), as the proffered corrections are critical, substantive changes that may materially alter plaintiff's original deposition testimony as to the basis for defendant's alleged negligence, specifically, liquid on the floor causing plaintiff to slip (cf. Jackson v Adfia Realty, LLC, 171 AD3d 477, 477 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2025